UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANTHONY PAUL HUEY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:17-CV-655 PPS-MGG |
| DEPUTY EMMENDORFER, et al., | ) ) ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Anthony Paul Huey, a prisoner without a lawyer, alleges that he was beaten and denied medical treatment on October 2, 2016, while he was a pre-trial detainee in the Saint Joseph County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

This action involves an incident that occurred while Huey was a pre-trial detainee at St. Joseph County Jail. Huey alleges that things began when Deputy Emmendorfer pushed and shoved him while escorting him to the visitation room at the jail. However, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386,

396 (1989) ( quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied* 414 U.S. 1033 (1973). Based on the complaint, it does not appear that it was necessary for Deputy Emmendorfer to have pushed and shoved Huey, but Huey was not injured and "enjoyed a visit [with family] despite the unnecessary roughness exhibited toward him by Defendant Deputy Emmendorfer." ECF 1 at 4. Therefore these allegations do not state a claim.

But what he alleges happened when he left the visitation room does. Huey says he asked Deputy Kitchen to take him back to his cell because Deputy Emmendorfer had been "pushing and shoving" him on the way to the visitation room. ECF 1 at 6. In response he says Deputy Emmendorfer "lifted [him] off the ground, slammed his head into the wall" and threw him to the floor while he "was handcuffed and shackled at the waist and entirely defenseless." ECF 1 at 7. Then Deputy Emmendorfer and an unknown guard beat him with closed fists.

Guards may not use excessive force against pre-trial detainees. *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) (holding that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."). The allegations in this complaint state a claim against Deputy Emmendorfer. They also state a claim against the unknown guard. However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)

2

(internal citations omitted). Therefore, the defendant "Deputy Unknown" will be dismissed. If in the future, Huey can identity the actual name of the unknown guard, he may file an amended complaint with a motion asking to amend.

Huey alleges Deputy Kitchen did not intervene to stop the beating delivered by the other two guards. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (*citing Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Based on the duration of the alleged events, it is plausible to infer Deputy Kitchen had a realistic opportunity to have helped. Therefore this allegation also states a claim.

Next, Huey alleges Deputy Emmendorfer and the Unknown Deputy dragged him to his cell and refused his request for medical treatment. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). *See also Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that *Kingsley v. Hendrickson*, 576 U.S. \_\_, \_\_; 135 S.Ct. 2466 (2015) did not change the applicability of the Eighth Amendment standard to pre-trial detainee deliberate indifference claims). To

establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks omitted). The allegations here, including that Huey suffered serious injury to his face, skull, shoulder, and wrist, state a claim against Deputy Emmendorfer and Deputy Unknown.[1]

Huey alleges Deputy Emmendorfer and Deputy Unknown falsely charged him with "aggressive movements toward staff members." ECF 1-1 at 1. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999).; *see also Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1983)

---

[1] As previously explained, Deputy Unknown must be dismissed, but this claim can be restored if Huey can find out the guard's actual name.

("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided."). Huey was found guilty by Sgt. Fisher. Though he alleges Sgt. Fisher did so in retaliation for protesting his innocence during the disciplinary hearing, Huey has not plausibly alleged he was denied due process or that Sgt. Fisher's decision was based on anything other than the evidence presented against Huey.

For these reasons, the Court:

(1) **GRANTS** Anthony Paul Huey leave to proceed against Deputy Emmendorfer in his individual capacity for using excessive force in violation of the Fourteenth Amendment when he was escorting him from the visitation room at the Saint Joseph County Jail on October 2, 2016;

(2) **GRANTS** Anthony Paul Huey leave to proceed against Deputy Emmendorfer in his individual capacity for denying medical treatment in violation of the Fourteenth Amendment after he left the visitation room at the Saint Joseph County Jail on October 2, 2016;

(3) **GRANTS** Anthony Paul Huey leave to proceed against Deputy Kitchen in his individual capacity for failing to intervene to stop excessive force from being used against him in violation of the Fourteenth Amendment at the Saint Joseph County Jail on October 2, 2016;

(4) **DISMISSES** all other claims;

5

(5) **DISMISSES** Deputy Unknown and Sgt. Fisher;

(6) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Deputy Emmendorfer and Deputy Kitchen at the Saint Joseph County Jail with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Emmendorfer and Deputy Kitchen respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on February 13, 2018.

/s Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT