# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

ANTHONY PAUL HUEY,          )
                                      )

               Plaintiff,        )
                                        )

          v.                    )         CAUSE NO. 3:17-CV-655-PPS-MGG
                                        )

DEPUTY EMMENDORFER, et al.,     )
                                        )

            Defendants.     )

## OPINION AND ORDER

Anthony Paul Huey, a prisoner without a lawyer, filed a motion asking to amend his complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), he may amend "once as a matter of course" without permission from the court within 21 days after a responsive pleading or motion to dismiss is filed. Because neither a responsive pleading nor a motion to dismiss have been filed, the motion to amend will be construed as a notice and the Clerk will be directed to docket the amended complaint which identifies a previously unknown defendant. The amended complaint is a copy of the original complaint and in each location where the actions of the Unknown Defendant were described, he has written in the name: Deputy Carrico.

This action involves an incident that occurred while Huey was a pre-trial detainee at St. Joseph County Jail. Huey alleges that he was beaten and denied medical treatment on October 2, 2016, while he was a pre-trial detainee in the Saint Joseph County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Huey alleges things began when Deputy Emmendorfer pushed and shoved him while escorting him to the visitation room at the jail. However, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. at 396, *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied* 414 U.S. 1033 (1973). Based on the complaint, it does not appear that it was necessary for Deputy Emmendorfer to have pushed and shoved Huey, but Huey was not injured and "enjoyed a visit [with family] despite the unnecessary roughness exhibited toward him by Defendant Deputy Emmendorfer." ECF 1 at 4. Therefore these allegations do not state a claim.

But what he alleges happened when he left the visitation room does. Huey says he ask Deputy Kitchen to take him back to his cell because Deputy Emmendorfer had been "pushing and shoving" him on the way to the visitation room. ECF 1 at 6. In response he says Deputy Emmendorfer "lifted [him] off the ground, slammed his head into the wall" and threw him to the floor while he "was handcuffed and shackled at the waist and entirely defenseless . . .." ECF 1 at 7. Then Deputy Emmendorfer and Deputy Carrico beat him with closed fists.

Guards may not use excessive force against pre-trial detainees. *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) (holding that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."). These allegations state a claim against Deputy Emmendorfer and Deputy Carrico.

Huey alleges Deputy Kitchen did not intervene to stop the beating delivered by the other two guards. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (*citing Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Based on the duration of the alleged events, it is plausible to infer Deputy Kitchen had a realistic opportunity to have helped. Therefore this allegation also states a claim.

Next, Huey alleges Deputy Emmendorfer and the Deputy Carrico dragged him to his cell and refused his request for medical treatment. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). *See also Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that *Kingsley v. Hendrickson*, 576 U.S. __, __;

135 S.Ct. 2466 (2015) did not change the applicability of the Eighth Amendment standard to pre-trial detainee deliberate indifference claims). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The allegations here, including that Huey suffered serious injury to his face, skull, shoulder, and wrist, state a claim against Deputy Emmendorfer and Deputy Carrico.

Huey alleges Deputy Emmendorfer and Deputy Carrico falsely charged him with "aggressive movements toward staff members." ECF 1-1 at 1. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). *See also Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1983)

("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided."). Huey was found guilty by Sgt. Fisher. Though he alleges Sgt. Fisher did so in retaliation for protesting his innocence during the disciplinary hearing, he has not plausibly alleged he was denied due process or that Sgt. Fisher's decision was based on other than the evidence presented against Huey.

Deputy Emmendorfer and Deputy Kitchen have already appeared by counsel. My prior order required they respond to the original complaint. That is no longer necessary. Now they need to respond to the amended complaint. Though they have already waived service, a new notice of waiver will be issued so the record is clear as to the deadline for responding to the amended complaint and so their deadline will be the same as for Deputy Carrico.

For these reasons, the Court:

(1) **CONSTRUES** the motion (ECF 15) as a Rule 15(a)(1)(B) notice;

(2) **DIRECTS** the Clerk to edit the docket entry (ECF 15) to indicate that it is a notice;

(3) **DIRECTS** the Clerk to separately docket the amended complaint (ECF 15-1);

(4) **GRANTS** Anthony Paul Huey leave to proceed against Deputy Emmendorfer and Deputy Carrico in their individual capacities for using excessive force in violation

of the Fourteenth Amendment after he left the visitation room at the Saint Joseph
County Jail on October 2, 2016;

(5) **GRANTS** Anthony Paul Huey leave to proceed against Deputy Emmendorfer
and Deputy Carrico in their individual capacities for denying medical treatment in
violation of the Fourteenth Amendment after he left the visitation room at the Saint
Joseph County Jail on October 2, 2016;

(6) **GRANTS** Anthony Paul Huey leave to proceed against Deputy Kitchen in his
individual capacity for failing to intervene to stop excessive force from being used
against him in violation of the Fourteenth Amendment at the Saint Joseph County Jail
on October 2, 2016;

(7) **DISMISSES** all other claims;

(8) **DISMISSES** Sgt. Fisher;

(9) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve
process on Deputy Emmendorfer, Deputy Carrico, and Deputy Kitchen at the Saint
Joseph County Jail with a copy of this order and the amended complaint (ECF 15-1),
pursuant to 28 U.S.C. § 1915(d); and

(10) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Emmendorfer,
Deputy Carrico, and Deputy Kitchen respond, as provided for in the Federal Rules of
Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has
been granted leave to proceed in this screening order.

**SO ORDERED** on March 19, 2018.

/s Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT